

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 156 | **DATE** | 6/20/2003 |
| **CASE TITLE** | Buttonwood Bay Investors et al. Vs. John Terzakis et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the foregoing reasons, defendants' motion to dismiss the complaint is denied. Status hearing set for July 15, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 23 2003 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | G.J. docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUN 20 PM 3:59 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUTTONWOOD BAY INVESTORS, )
JOHN J. GREYTAK, )
 )
Plaintiffs, )
 )
vs. ) No. 03 C 156
 )
JOHN TERZAKIS, RUDY MULDER, URBAN ) JUN 2 3 2003
INVESTMENT TRUST, INC., URBAN )
PROPERTY SERVICES COMPANY, COLE )
TAYLOR BANK, as Trustee under Trust )
Agreement dated January 15, 1998 and known )
as Trust Number 98705, 71st & JEFFREY, )
L.L.C., DODI URBAN JOLIET, L.L.C., )
CATON CROSSING MASTER, LLC, )
BLOOMINGDALE & NORTH, LLC, )
CONCORD GREEN MASTR, LLC, REYES- )
COMPUTER, LLC, GATEWAY COMPTON, )
LLC and COMPTON MASTER, LLC, )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Buttonwood Bay Investors and John Greylak brought a 16-count complaint against defendants alleging breach of contract, fraud and numerous violations of Illinois and federal laws. Defendants filed a motion to dismiss the complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' motion is denied.

### BACKGROUND

The facts are taken from the plaintiffs' complaint. Plaintiffs allege that defendants John Terzakis and Rudy Mulder acted together to carry out a complex scheme by which they



would create corporations to purchase and manage real estate property while selling off fractional interests in the individual properties.

In furtherance of this scheme plaintiffs allegedly located real estate available for sale and a number of investors who were looking to take advantage of Section 1031 of the Internal Revenue Code by purchasing "like-kind" property in order to defer capital gains tax liability. Terzakis and Mulder would create and control an entity set up to purchase the property. This acquiring entity would then purchase the property and sell fractional interests to the investors. Terzakis and Mulder allegedly promised the investors that they would become landlords of the property on a percentage basis and in return for their investment would receive an equity interest in the property, monthly rent payments and tax advantages.

In order to manage the properties, Terzakis and Mulder allegedly created entities to act as master tenants. These master tenants promised, through Terzakis and Mulder as agents, to maintain the properties, make monthly rent payments to the landlords, make the mortgage payments, pay the real estate taxes, pay all common fees, and take care of the property insurance. Terzakis and Mulder, as heads of the master tenants, also received a property management fee.

Plaintiffs claim that they invested in five such properties controlled by the defendants: Laurel Lakes, Jeffrey Plaza, Caton Farm Crossing, Concorde Green and Gateway Plaza. They allege that defendants failed to perform the duties promised under the terms of the agreements. Specifically, plaintiffs allege that defendants failed to make monthly rent payments to the landlords; resigned from involvement in the Jeffrey Plaza, Caton Farm Crossing and Concorde Green properties, yet refused to honor promissory notes connected to

this resignation; failed to honor a promissory note relating to the Laurel Lakes and Gateway Plaza properties, caused plaintiffs to incur late charges on mortgage and tax accounts; and diverted funds from the properties to other projects.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss or strike a pleading we must assume the truth of all well-pleaded allegations, making all inferences in the non-movant's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiffs' complaint consists of 16 counts: six that allege breach of contract relating to the agreements and promissory notes, four claims seeking equitable remedies, one alleging conversion, one alleging common law fraud, one for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, one alleging civil conspiracy and two more claims relating to violations of 18 U.S.C. §§ 1962 and 1962(d), the federal Racketeer Influenced and Corrupt Organizations Act (RICO).

While we note that this 16-count complaint pushes the limits of Rule 1, plaintiffs sufficiently state claims so as to survive a Rule 12(b)(6) motion. While some of the details in the complaint are unclear, plaintiffs allege that they were the victims of a complex scam run by defendants. Plaintiffs point to specific contracts and promissory notes that defendants allegedly failed to honor. We read the complaint to allege that defendants made a series of representations as part of the scam knowing that these statements were false. Discovery will

undoubtedly shed some light on the specifics of plaintiff's allegations. That discovery will go forward on the contract claims in any event and, accordingly, we do not see any useful purpose in dealing in detail with defendant's arguments with respect to each of the other counts. Some of the 16 counts may very well disappear. At this stage, however, we conclude that plaintiffs, for now, state claims for relief.

## CONCLUSION

For the foregoing reasons, defendants motion to dismiss the complaint is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_June 20_, 2003.